Affirmed and Memorandum Opinion filed July 28, 2009









Affirmed
and Memorandum Opinion filed July 28, 2009.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-08-00803-CR

____________

 

CHRISTOPHER
ALEXANDER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1122489

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty,
without an agreed recommendation on punishment, to the offense of aggravated
robbery.  After a presentence
investigation (APSI@) and a hearing,
the trial court assessed punishment at twelve years=
imprisonment.  In a single issue,
appellant claims he was deprived of due process under the United States
Constitution because the State failed to reveal to the defense, or to make
clear to the trial court, that previous juvenile convictions it had attributed
to appellant were not connected to appellant. 
We affirm.








Factual and
Procedural Background

Appellant was indicted for the aggravated
robbery of a salesperson at a car dealership. 
The salesperson testified at the punishment hearing and said that
appellant pointed a gun at his head, made him lie down on the floor, and tied
his hands.  When the salesperson was on
the floor, appellant hit him with the gun. 
Appellant took from the salesperson more than $2700 in cash, his
cellular phone, and the keys to a car.

Prior to trial, the State filed a notice
of intent to use extraneous offenses and prior convictions in which it listed
the following offenses it intended to use at trial against appellant: (1)
driving under the influence, (2) fraud B illegal use of
credit cards, (3) shoplifting, and (4) operating a motor vehicle without a
driver=s license.  The first three offenses were alleged to have
occurred in Jacksonville, Florida.  The
fourth offense was alleged to have occurred in Harris County, Texas and New
Orleans, Louisiana.  After a jury was
chosen, appellant entered a plea of guilty without an agreed recommendation
from the prosecutor on punishment.  The
case was reset for a punishment hearing after a PSI was conducted.

In the PSI report, the community
supervision officer reported that appellant had no prior record.  It was specifically noted that the Assistant
District Attorney had provided juvenile records from Jacksonville, Florida for
a defendant with a similar name and the same date of birth.   The juvenile records were to be included in
the PSI as extraneous offenses, but it was determined that the defendant in
Florida was not appellant.  

At the punishment hearing, the complainant
testified to the events of the robbery. 
Appellant=s mother testified that she and appellant
moved to Houston from New Orleans after Hurricane Katrina.  She testified that appellant had never been
in trouble and requested deferred adjudication community supervision for her
son.  The prosecutor did not mention the
extraneous offenses or prior convictions at the punishment hearing, nor did she
affirmatively address the mistake in the previously filed notice of intent.








Analysis

In a single issue, appellant contends he
was deprived of due process because the prosecutor failed to disclose
exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 87
(1963).  A defendant=s due process
rights are violated when the State withholds material evidence favorable to the
defendant.  Olivarez v. State, 171
S.W.3d 283, 290 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  The suppression
of evidence favorable to an accused upon request violates due process where the
evidence is material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution.  Brady,
373 U.S. at 87.  AThe same result
obtains when the State, although not soliciting false evidence, allows it to go
uncorrected when it appears.@  Id. 
Appellant argues that because the State did not correct the
misinformation in its notice of intent beyond the statement made in the PSI
report, it committed a Brady violation. 


The rule of Brady, however, applies when information
known to the prosecution, but unknown to the defense, is not
disclosed.  United States v. Agurs,
427 U.S. 97, 103 (1976).  In this case,
appellant knew he had never been previously convicted in Florida.  At the punishment hearing, defense counsel
pointed out that appellant had no prior record despite the State=s earlier
assertions that he had a record from Florida. 
Counsel also pointed out that the probation department and the PSI report
showed that appellant had no prior record. 
The State did not dispute defense counsel=s statements.  Brady simply does not apply in a
situation such as this where the information was known to the defense.  See Ex parte Chavez, 213 S.W.3d 320,
325 (Tex. Crim. App. 2006); Havard v. State, 800 S.W.2d 195, 205 (Tex.
Crim. App. 1989).  

The record in this case does not reveal any act or omission
on the part of the State or any of its agents that caused the trial court to be
misinformed about appellant=s prior
record.  Moreover, there is no evidence
in the record that the trial court considered the offenses listed in the State=s notice of
intent.  Appellant=s sole issue is
overruled.








The judgment of the trial court is affirmed.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Panel
consists of Justices Yates, Guzman, and Sullivan.

Do
Not Publish C Tex.
R. App. P. 47.2(b).